### UNITED STATES v. WING WO CHONG.

(Circuit Court of Appeals, Second Circuit. December 7, 1899.)

#### No. 54.

CUSTOMS DUTIES—CLASSIFICATION—DRIED FRUITS—LYCHEE.

Dried lychee, which is Chinese fruit having, when dry, a thin shell inclosing an edible pulp, is dutiable under paragraph 262 of the tariff act of 1897, as an "edible fruit, dried," and not entitled to free entry under paragraph 559, as a fruit not specially provided for.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This is an appeal from a decision of the circuit court, Southern district of New York, reversing a decision of the board of general appraisers, which affirmed a decision of the collector of the port of New York. 91 Fed. 637.

Henry C. Platt, for the United States.

Howard T. Walden, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. The merchandise comprised 10 cases of what the protest of the importer calls "dried lychee," imported from China. The lychee, or lichi, is a Chinese fruit; and the sample discloses an outer shell, about the thickness and consistency of that of a paper-shell almond, inclosing an inner edible portion about the consistency of a prune or raisin, with a pit about the size of a cherry stone.

The tariff act of July 24, 1897, under which the articles were imported, contains the following paragraphs:

"Par. 262. Apples, peaches, quinces, cherries, plums and pears, green or ripe, twenty-five cents per bushel; apples, peaches, pears and other edible fruits, including berries, when dried, desiccated, evaporated or prepared in any manner, not specially provided for in this act, two cents per pound; berries, edible, in their natural condition, one cent per quart; cranberries, twenty-five per centum ad valorem."

"Par. 20. Drugs, such as barks, beans, berries, balsams, buds, bulbs, bulbous roots, excrescences, fruits, flowers, dried fibers, dried insects, grains, gums and gum resin, herbs, leaves, lichens, mosses, nuts, nut-galls, roots, stems, spices, vegetables, seeds (aromatic, not garden seeds), seeds of morbid growth, weeds, and woods used expressly for dyeing; any of the foregoing which are drugs and not edible, but which are advanced in value or condition by refining, grinding, or other process, and not specially provided for in this act, one-fourth of one cent per pound, and in addition thereto ten per centum ad valorem."

"Par. 272. Nuts of all kinds, shelled or unshelled, not specially provided for in this act, one cent per pound."

"Par. 559. Fruits or berries, green, ripe or dried, and fruits in brine, not specially provided for in this act [free]."

"Par. 548. Drugs, such as barks, beans, berries, balsams, buds, bulbs, and bulbous roots, excrescences, fruits, flowers, dried fibers, and dried insects, grains, gums, and gum resin, herbs, leaves, lichens, mosses, nuts, nut-galls, roots, and stems, spices, vegetables, seeds aromatic, and seeds of morbid growth, weeds, and woods used expressly for dyeing; any of the foregoing which are drugs and not edible and are in a crude state, and not advanced in value or condition by refining or grinding, or by other process, and not specially provided for in this act [free]."

There is no claim that the lychee are nuts, so paragraph 272 may be disregarded. It will be observed that paragraph 20 covers only such fruits as are nonedible, and are also drugs, advanced in value or condition by refining, etc. Paragraph 548 gathers into the free list only such not otherwise enumerated fruits as are nonedible and are also drugs. Paragraph 559 is a comprehensive one, gathering into the free list all dried fruits not specially provided for, whether edible or not. It covers nonedible dried fruits, which are not drugs, and so not covered by paragraph 548. Inasmuch as paragraph 559 covers both edible and nonedible dried fruits, while paragraph 262 covers

only such as are edible, the latter is the more specific. It does not call for any particular method of drying,—whether by exposure to the sun or to artificial heat. The opinion of the board states that the merchandise is similar to the "lichi" described in S. S. 3162, May 23, 1877, as follows:

"A fruit which grows in clusters on a small bush, the skin or outer covering of which is of a light red color, soft and pliable when ripe: on being sun-dried for exportation, the skin becomes hard and brittle, somewhat resembling the shell of a nut."

The witness (a Chinaman) called by the importers before the board testified that the lychee grew on the tree in just the same condition as the sample. With the invoices and the samples before it, however, the board found that it was an edible fruit, dried; and we are not disposed to disturb such finding, nor to separate the covering of the fruit from its contents for duty purposes, as did the circuit court. In the condition in which it was imported, the article seems to be a dried fruit, although the interior is not as dry as the exterior. The decision of the circuit court is reversed.