## LEVY & LEVIS CO. *v.* UNITED STATES (No. 1170).[1]

RIPE CHERRIES.

The provision in paragraph 274, tariff act of 1909, for cherries, green or ripe, and for edible fruits, dried, is more specific than the free-entry provision for all fruits, green, ripe, or dried. The evidence, moreover, shows the importation to be ripe cherries, but clearly not dried, and they are accordingly dutiable under the paragraph named as ripe cherries.

United States Court of Customs Appeals, January 22, 1914.

APPEAL from Board of United States General Appraisers, Abstract 31849 (T. D. 33304)
[Reversed.]

*Comstock & Washburn* (*J. Stuart Tompkins* on the brief) for appellants.
*William L: Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel; *Samuel Isenschmid,* special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

One hundred barrels or 307 bushels of Dalmatian cherries imported at the port of New York were classified by the collector of customs as edible dried fruits and assessed for duty at 2 cents per pound under that clause of paragraph 274 of the tariff act of 1909 which reads as follows:

274. * * * All edible fruits, including berries, when dried, desiccated, evaporated, or prepared in any manner, not specially provided for in this section, two cents per pound; * * *.

The importers protested that the cherries were either free of duty as fruits, green, ripe, or dried, under paragraph 571 or dutiable at 25 cents per bushel as cherries, green or ripe, under the first clause of paragraph 274. Paragraph 571 and the first clause of paragraph 274 are as follows:

(Free List.) 571. Fruits or berries, green, ripe, or dried, and fruits in brine, not specially provided for in this section.
274. Apples, peaches, quinces, cherries, plums, and pears, green or ripe, twenty-five cents per bushel; * * *.

The Board of General Appraisers overruled the protest, and the importers appealed.

---

[1] Reported in T. D. 34130 (26 Treas. Dec., 150).

Cherries are fruits and are therefore within the language of paragraph 571. Nevertheless, they can not be admitted to free entry under the provisions of that paragraph, as claimed in the protest, if they have been subjected to duty by some more specific provision of the tariff act. Cherries, green or ripe, are provided for by the first clause of paragraph 274 and made dutiable at the rate of 25 cents per bushel. If the cherries be dried, they fall within the designation of edible fruits, dried, and are subjected by the same paragraph to a duty of 2 cents per pound. Cherries and edible fruits are kinds or classes of fruits and consequently the provisions imposing a duty on cherries, green or ripe, and on edible fruits, dried, are clearly much narrower in scope than the free-entry provision, which is broad enough to embrace all fruits, green, ripe, or dried, and whether edible or not. United States *v.* Wing Wo Chong (98 Fed., 602, 603). From this it follows that the merchandise is more specifically provided for under paragraph 274 than under paragraph 571 of the free list and that the cherries are not entitled to admission free of duty.

But one question remains to be determined, and that is, Do the cherries fall within the designation of edible fruits, dried, or may they be better classified as "cherries, * * * green or ripe?" From the evidence adduced at the hearing we are satisfied that these cherries are not edible fruits, dried, within the common ordinary meaning of that designation. Fruits, in order that they may be considered as dried, must be brought to such a condition that they may be properly described as no longer in the juice. Fruits which still retain an appreciable quantity of the watery component natural to them are commonly recognized as fresh fruits, and until their liquid constituent has been evaporated and the fluidity characteristic of their fruit juices has been removed, such fruits can not properly be regarded as dried fruits. The testimony in this case shows, without contradiction that the Dalmatian cherries which are the subject of controversy are not plucked when ripe, but are allowed to remain on the tree until they become overripe and shrivel or shrink. The cherries are then gathered and are still so "wet" and contain so much of the natural juices that moisture exudes from them in such quantities as to discolor the barrels in which they are packed. The witnesses who import them are agreed that the cherries are simply overripe fruit, and that in the trade they are not bought and sold as dried cherries.

In our opinion, fruits which have been permitted to become overripe, but which still contain so much of the natural juices that the exudation of the juices causes the goods to become "wet" and the barrels containing them discolored are not dried fruits, as that term is popularly understood. Certainly a fruit as juicy as that is not of the class of dried fruits typified by prunes, raisins, dried apples, dried peaches, dried currants, and the like.

The goods are, in our opinion, ripe cherries and are therefore dutiable at 25 cents per bushel under the first clause of paragraph 274. The decision of the Board of General Appraisers is *reversed*.